ALBERT CARTER, &c. *v.* LOUISVILLE & N. R. Co.

[Abstract Kentucky Law Reporter, Vol. 4—825.]

**Recovery by Trespasser for Personal Injuries.**

One being at a point where he has no right to be, being a trespasser looking for a freight train that did not carry passengers with a view of stealing a ride, who is injured by being struck by such train in the night-time, not being seen by those operating the train, can not recover from the railroad company, damages caused by his being injured. No negligence of the railroad company is shown.

APPEAL FROM BULLITT CIRCUIT COURT.

March 17, 1883.

OPINION BY JUDGE PRYOR:

In this case the court below on the motion of counsel instructed the jury to find for the defendant, and in our opinion the instruction was proper. It is evident from the testimony of the plaintiff that he secreted himself on the cars of the appellee and made his way from Tennessee where he lived to the city of Louisville. He says that in going to Louisville he was permitted to board the train in the first place by the permission of the brakeman, and having been discovered and put off by the conductor, he again boarded a train and made his way to the city. He left the city on his return pursuing the track of the railway until he reached the town of Shepherdsville. Whilst there he made inquiry in regard to trains running south and hearing a train coming started to the depot and found that it was a train but going in the wrong direction. There was a train standing on the track and another coming, at least the appellant says he heard the whistle. He was making inquiry for a

freight train and not a passenger train. He was on the opposite side of the track from the town, and when finding as he supposed that he could not get on a train going south he attempted to cross the track and return to the town, and in doing so hung his foot in or stumbled over the switch rod and fell, and while in this condition the freight train going south approached and ran over the foot of the appellant, mashing it so as to require amputation.

There is no proof that the hands or any employé on the train saw him, nor that they had any reason to believe that he was at or on the track at the place where he was injured. It was after dark when the accident happened, but the moon was shining brightly, and if the employés on the train had been looking out for trespassers they might have seen the appellant. The train that ran over appellant was going south and it is very probable that he was trying to board the train when he received the injury, but he states not; still it is immaterial so far as his right of recovery is concerned. He was at a point where he had no right to be and says he heard the whistle of the train, and not only so, but was a wrongdoer looking out for a train that did not carry passengers with a view of returning in the same manner as enabled him to reach Louisville,—on appellee's freight trains without paying his way. His own testimony shows that he was on appellee's freight train going to Louisville without permission from the conductor; that he used appellee's road for the purpose of travel on foot from Louisville to a point near Shepherdsville, and that when reaching that town he made inquiry after night as to when a freight train would arrive and is found injured at a point where he had no right to be. There is an entire absence of proof that any one of the trainsmen saw him at the time or shortly before the injury. His being a wrongdoer would not justify the appellee or its employés in running over him with its train of cars; but to say that they might have seen him if more vigilant, or that they might have notified him upon the approach of the train by ringing the bell, is no argument in favor of fixing a liability upon the company, when no negligence is shown on the part of the company or its employés, and this the more strongly when the proof shows that appellant heard the whistle of the approaching trains and had the right to believe and should have known that the train standing and the one approaching might reach or leave the depot at any moment. Independently of the question of contributory negligence

made by counsel for the road, we can not see that any case of neglect has been made out.

Judgment *affirmed.*

*E. E. McKay, for appellant.*

*W. R. Thompson, Wm. Lindsay, for appellee.*